FILED

United States District Court
District of Connecticut

2004 JUN 29 P 4:29
U.S. DISTRICT COURT
BRIDGEPORT, CONN.

James Hanton         Case No. 3:02CV997(CFD)(WIG)
   vs
Mary Marto, et. al.   Date: June 25, 2004

## Objection to Extension of Time and/or Motion For Summary Judgment

The plaintiff, James Hanton hereby objects to the defendants motion for extension of time and the filing of any motion for summary judgment, because the time for filing summary judgment has expired.

On August 26, 2002, the Court set a scheduling order. The parties were ordered to file motions for summary judgment within seven months (210 days) of the date on which the appearance was filed, which was August 23, 2002. Attached is a copy of the order marked Exhibit "A."

On August 23, 2002, the defendants filed a motion to dismiss. On March 4, 2003, the Court denied the motion without prejudice and instructed the defendants to file motion for summary judgment. Attached is a copy of the motion and order marked Exhibit "B." The defendants never filed for summary judgment nor requested an extension of time

On August 29, 2002, the defendants filed a motion to dismiss amended complaint. On March 4, 2003, the Court denied that motion without prejudice and again instructed the defendants to file for summary judgment. Attached is a copy of the motion and order marked Exhibit "C". Again, the defendants NEVER filed for summary judgment nor did they request an extension of time.

On March 23, 2003, the time to file for summary judgment expired. The defendants waited fifteen (15) months after the time to file summary judgment to request an extension to file for summary judgment. Therefore, the defendants are not entitled for an extension of time nor are they entitled to file for summary judgment.

The plaintiff will be prejudice if the Court allows the defendants to file for summary judgment fifteen (15) months after the filing date, which was set in the scheduling order.

Respectfully Submitted
By James Hanton

James Hanton 166-178
Cybulski C.I. 391 Shaker Rd, P.O.
Box 2400 Enfield, CT. 06082

Certification

I hereby certify that a copy of the foregoing was sent on this 25th day of June 2004 to:

Assistant Attorney General
Perry Zinn-Rowthorn
Kathleen A. Keating
110 Sherman St. Hartford
CT. 06105

_[signature]_
The plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| James Hanton | : | PRISONER |
| | | DOCKET NO. 3:02cv997(CFD)(WIG) |
| V. | : | |
| M. Marto, et al | : | FILED |

CLERK
U.S. DISTRICT COURT
BRIDGEPORT
AUG 26  11 21 AM '02

### FIRST SCHEDULING ORDER

The plaintiff has filed this Section 1983 complaint against the defendant(s). The first appearance in this action was filed on __8/22/02__.

Preparation for trial should proceed at this time on claims in the complaint which have not been dismissed or withdrawn. **All discovery and further proceedings in this case are limited to this claim/these claims.**

Pursuant to Rule 16(c) of the Federal Rules of Civil Procedure, it is hereby ORDERED:

1. Defendant shall file any motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), or motions to dismiss as frivolous under Title 28 U.S.C. Section 1915(e), or answer or other reply within 60 days of the date on which the appearance was filed. **Failure to respond to the complaint in a timely manner will result in the entry of default for failure to plead.**

2. If either party determines that an early settlement conference would be beneficial in this case, he shall file a motion seeking a settlement conference within 90 days of the date on which the appearance was filed.

3. Discovery pursuant to the Federal Rules of Civil Procedure, Rules 26 through 37, shall be completed within six months (180 days) of the date on which the appearance was filed. Discovery requests need not be filed with the court.

4. All motions for summary judgment shall be filed within seven months (210 days) of the date on which the appearance was filed.

5. Pursuant to Local Civil Rule 9(a), a non-moving party must respond to a dispositive motion within 21 days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection. If the motion is granted, the complaint will be dismissed as to all defendants, appearing and non-appearing and the case will be closed. The case will **not** proceed to trial.

SO ORDERED this 26th day of August, 2002, at Bridgeport.

_____
U.S. Magistrate Judge

Exhibit "A"



UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMES HANTON,<br>*Plaintiff* | : | PRISONER<br>CIVIL NO. 3:02CV997(CFD)(WIG) |
| v. | : | |
| MARY MARTO, ET AL.,<br>*Defendants* | : | August 23, 2002 |

### MOTION TO DISMISS

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, the defendants, Mary Marto, et al., hereby move to dismiss the complaint in its entirety. Plaintiff, a pro se inmate and serial litigant, brings this action based on the alleged failure of various state officials to provide dental care. As discussed in more detail in the accompanying memorandum of law, plaintiff raised this claim in Hanton v. Deong, 3:98CV1648(JCH)(HBF), one of his many previous medical lawsuits. In that matter, the Court found that plaintiff failed to state a claim based on his dental complaints. See Hanton v. Deong, 3:98cv1648(JCH)(HBF), Corrected Ruling On Motion For Summary Judgment, April 8, 2002 (copy attached as Exhibit A), at 26-27. Accordingly, plaintiff's complaint is barred by the doctrines of collateral estoppel and res judicata. In addition, as found by this Court in the Deong matter, plaintiff's dental complaint (still) fails to state a claim. The defendants, therefore, respectfully ask that their motion be granted.

DENIED, without prejudice to filing a motion for summary judgment. So ordered.

Christopher F. Droney
United States District Judge
3/4/03

Exhibit "B"

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMES HANTON, *Plaintiff* | : : : | PRISONER<br>CIVIL NO. 3:02CV997(CFD)(WIG) |
| v. | : : | |
| MARY MARTO, ET AL., *Defendants* | : : | August 29, 2002 |

## MOTION TO DISMISS AMENDED COMPLAINT

The defendants, Mary Marto, et al., hereby move pursuant to Rule 12 of the Federal Rules of Civil Procedure to dismiss the Amended Complaint filed on or about August 27, 2002. Plaintiff, a pro se inmate and serial litigant, originally brought this action based on the alleged failure of various state officials to provide dental care. In the amended complaint, the plaintiff adds an entirely unrelated claim concerning an alleged deprivation of legal property by correctional officials. As discussed in more detail in the accompanying memorandum, plaintiff raised his dental claims in Hanton v. Deong, 3:98CV1648(JCH)(HBF), one of his many previous medical lawsuits. In that matter, the Court found that plaintiff failed to state a claim based on his dental complaints. See Hanton v. Deong, 3:98cv1648(JCH)(HBF), Corrected Ruling On Motion For Summary Judgment, April 8, 2002. Accordingly, plaintiff's dental claim is barred by the doctrines of collateral estoppel and res judicata. In addition, as found by this Court in the Deong matter, plaintiff's dental complaint (still) fails to state a claim. As to the property claim, plaintiff filed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA). See 42 U.S.C. 1997e(a).

DENIED, without prejudice to filing a motion for summary judgment. So ordered.

Christopher F. Droney
United States District Judge
3/4/03

Exhibit "C"