# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMES HANTON | : | PRISONER |
| *Plaintiff,* | : | CIVIL NO. 3:02CV997(CFD)(WIG) |
| | : | |
| VS. | : | |
| | : | |
| MARY MARTO, ET AL. | : | |
| *Defendants.* | : | AUGUST 16, 2004 |

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the defendants, Mary Marto, et al., respectfully move for summary judgment as to all of the claims in the plaintiff's complaint and supplemental complaint. Plaintiff, a pro se inmate, originally brought this action based on the alleged failure of various state officials to provide dental care. In a supplemental complaint dated July 22, 2002, the plaintiff added an unrelated claim concerning an alleged deprivation of legal property by correctional officials. The defendants have answered the operative complaint. As discussed in more detail in the accompanying memorandum of law, the defendants are entitled to summary judgment for the following reasons:

(a)     There exist adequate state law post-deprivation procedures under which plaintiff can seek relief for his property claim;

(b)     The plaintiff has not adequately alleged retaliation in connection with his property claim;

(c)     The plaintiff fails to state a claim for denial of access to courts;

(d)     The plaintiff fails to allege sufficient personal involvement on the part of defendants Penn and Kelley to state a claim against them under 42 U.S.C. § 1983 with respect to the property claim;

(e)     The property claim is improperly joined with the dental claim and should be severed;

(f)     The defendants are entitled to qualified immunity against an award of monetary damages;

(g)     The plaintiff's medical claim is barred by the doctrine of collateral estoppel;

(h)     The plaintiff fails to state a claim of dental deliberate indifference under the Eighth Amendment;

(i)     The plaintiff fails to allege sufficient personal involvement on the part of defendants Marto, McIntosh, and Malcolm to state a claim against them under 42 U.S.C. § 1983 with respect to the medical claim;

(j)     This action, as it relates to the defendants in their official capacities must be dismissed under the Eleventh Amendment to the United States Constitution.

The legal arguments in support of the aforementioned grounds for summary judgment are set forth in the accompanying memorandum of law.   In addition to the memorandum of law, the defendants submit the following:

(a)     A Rule 9(c) of the Local Rules of Civil Procedure Statement of Undisputed Facts;

(b)     The Plaintiff's Complaint.  Exhibit A.

(c)     The Plaintiff's Supplemental Complaint.  Exhibit B.

(d)     Affidavit of Dr. Victor Shivy.  Exhibit C.

(e)     Resume of Dr. Victor Shivy.  Attachment A to Exhibit C.

(f)     Certified Dental Records of the plaintiff, James Hanton.  Attachment B to Exhibit C.

For the foregoing reasons, the defendants respectfully request that their motion for summary judgment be granted.

DEFENDANTS,
Mary Marto, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY:__/s/_____
Kathleen A. Keating
Assistant Attorney General
Federal Bar No. ct25247
110 Sherman Street
Hartford, CT  06105
Telephone No.:  (860) 808-5450
Fax No.:  (860) 808-5591
E-mail:   kathleen.keating@po.state.ct.us


## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this 16th day of August 2004:

James Hanton, Inmate No. 166178
Willard-Cybulski Correctional Institution
391 Shaker Road
Enfield, CT  06082

___/s/_____
Kathleen A. Keating
Assistant Attorney General