## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMES HANTON | : | PRISONER |
| *Plaintiff,* | : | CIVIL NO. 3:02CV997(CFD)(WIG) |
| | : | |
| VS. | : | |
| | : | |
| MARY MARTO, ET AL. | : | |
| *Defendants.* | : | AUGUST 16, 2004 |

## STATEMENT OF MATERIAL FACTS AND
## LOCAL RULE 9(C)(1) STATEMENT IN SUPPORT
## OF MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule 56 and Rule 9(c) of the Local Rules of Civil Procedure, the defendants respectfully offer the following statement of material facts in support of their motion for summary judgment.

1.   On or about June 10, 2002, the plaintiff filed a complaint against defendants Marto, McIntosh, Malcolm and Shivy.  Exhibit A[1].

2.   On or about August 27, 2002, the plaintiff filed a supplemental complaint against Defendants Marto, McIntosh, Malcolm, Shivy, Clifton, Penn, and Kelly.  Exhibit B[2].

3.   At all times relevant to the plaintiff's complaint and supplemental complaint, the plaintiff was an inmate in the custody and control of the Connecticut Department of Correction, and the defendants were employees of the Connecticut Department of Correction.  Exhibit B, ¶ ¶ 2 – 8.

---

[1]   Exhibit A:  Plaintiff's Complaint.

[2]   Exhibit B:  Plaintiff's Supplemental Complaint.

4.  On November 17, 1997, the plaintiff was placed on a list to have a temporary filling replaced by a permanent one.[3]  Exhibit B, ¶ 9.  Attachment 2 to Exhibit C[4], pg. 9.[5]

5.  On June 8, 1998, Defendant Shivy, a dentist employed by the Department of Correction, examined the plaintiff's tooth number 17 and found that tooth number 17 had temporary sensitivity when the plaintiff ate, and that tooth number 17 was sensitive to percussion. Additionally, Dr. Shivy took one pericapal x-ray of the area of tooth number 17.  Exhibit C[6], ¶ 11.

6.  On June 8, 1998, at the time of the examination, it was Dr. Shivy's opinion that tooth number 17 should be extracted.  Exhibit C, ¶ 12.

7.  Additionally, at the time of the June 8, 1998 examination of tooth number 17, an appointment was made for the extraction of tooth number 17 at the plaintiff's request.  Exhibit C, ¶ 13.

8.  On August 25, 1998, tooth number 17 was scheduled to be extracted.  Exhibit C, ¶ 14.

9.  On August 25, 1998, the plaintiff refused to have tooth number 17 extracted.  Exhibit C, ¶ 15.

---

[3] Nowhere in either of his complaints does the plaintiff ever identify, either by name or by position, exactly which tooth is the subject of this lawsuit.

[4] Attachment 2 to Exhibit C:  Certified Dental Records of the plaintiff, James Hanton.

[5] Based upon the correlation of the date November 17, 1997 in the supplemental complaint and the dental records, and the fact that in the dental records on November 17, 1997, only tooth number 17 was mentioned, it is assumed that the subject of this lawsuit is the plaintiff's tooth number 17.  It should also be noted that on June 30, 2004, the plaintiff filed a motion for emergency injunction in the instant lawsuit requesting that the court order the defendants to extract the plaintiff's lower left molar, tooth number 17.

[6] Exhibit C:  Affidavit of Dr. Victor Shivy.

10. If tooth number 17 had been extracted on August 25, 1998, the extraction would not have adversely affected the plaintiff's ability to masticate his food or to speak. Exhibit C, ¶ 16.

11. The condition of tooth number 17, as it was on, June 8, 1998, did not present a serious medical issue. Exhibit C, ¶ 17.

12. The extraction of tooth number 17, on the scheduled date of extraction, August 25, 1998, did not present a serious medical issue. Exhibit C, ¶ 18.

13. Dr. Shivy examined the plaintiff on both November 16, 1998 and September 28, 1999. Exhibit C, ¶ 19.

14. On neither November 16, 1998 nor September 28, 1999, did the plaintiff complain about or even mention tooth number 17. Exhibit C, ¶ 20, and Attachment 2 to Exhibit C, pg. 8.

15. On August 21, 2002 and September 3, 2002, Dr. Craig McDonald examined and treated the plaintiff. Attachment 2 to Exhibit C, pgs. 7 and 8.

16. On August 21, 2002, Dr. McDonald noted that tooth number 17 exhibited some decay, but was stable and did not cause any percussion pain. Dr. McDonald further noted that "If tooth is comfortable – replace filling # 17...If symptoms present – extract # 17." Attachment 2 to Exhibit C, pg. 8.

17. On September 3, 2002, Dr. McDonald noted that there were no symptoms for tooth number 17 and that the temporary filling was intact for tooth number 17. Additionally, Dr. McDonald noted that the plaintiff was scheduled to have tooth number 17 filled, but that the plaintiff refused to sign the fee form for the filling and refused to have tooth number 17 filled. Attachment 2 to Exhibit C, pg. 7.

18. On November 26, 2002, Dr. McDonald was scheduled to examine the plaintiff, but the plaintiff did not keep the appointment and refused to see Dr. McDonald even after the plaintiff was called three times. Attachment 2 to Exhibit C, pg. 7.

19. On December 4, 2002, Dr. McDonald examined and treated the plaintiff. Attachment 2 to Exhibit C, pg. 7.

20. On December 4, 2002, Dr. McDonald noted that tooth number 17 was sensitive to hot and cold and exhibited minimal sensitivity to percussion. Dr. McDonald further noted that tooth number 17 was not causing pain and was not in distress. Dr. McDonald also noted that he did fill tooth number 17. Finally, Dr. McDonald noted that "Anymore pain or problem w/ filling # 17 = extraction." Attachment 2 to Exhibit C, pg. 7.

21. On June 18, 2004 and June 24, 2004, Dr. Dara DeFlorio examined and treated the plaintiff. Attachment 2 to Exhibit C, pg. 4.

22. On June 18, 2004, Dr. DeFlorio noted that the plaintiff indicated that he needed tooth number 17 pulled. Attachment 2 to Exhibit C, pg. 4.

23. On June 24, 2004, Dr. DeFlorio noted that the plaintiff refused to pay the three dollar fee for an x-ray of tooth number 17, even after it was explained to the plaintiff that the last x-ray of tooth number 17 was August 21, 2002, and that an updated x-ray was needed before tooth number 17 could be pulled. Dr. DeFlorio further noted that the plaintiff then left the clinic. Attachment 2 to Exhibit C, pg. 4.

24. On July 22, 2004, Dr. Jack Murphy examined and treated the plaintiff. Attachment 2 to Exhibit C, pg. 4.

25. On July 22, 2004, Dr. Murphy noted that the plaintiff's tooth number 17 was extracted. Attachment 2 to Exhibit C, pg. 4.

DEFENDANTS,
Mary Marto, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: ___/s/_____
Kathleen A. Keating
Assistant Attorney General
Federal Bar No. ct25247
110 Sherman Street
Hartford, CT  06105
Telephone No.:  (860) 808-5450
Fax No.:  (860) 808-5591
E-mail:  kathleen.keating@po.state.ct.us

**CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this 16th day of August 2004:

James Hanton, Inmate No. 166178
Willard-Cybulski Correctional Institution
391 Shaker Road
Enfield, CT  06082

___/s/_____
Kathleen A. Keating
Assistant Attorney General