United States District Court
District of Connecticut

FILED
2004 AUG 20 P 4:48
U.S. DISTRICT COURT

James Hanton                    Case No. 3:02cv997(CFD)(WIG)
  vs.
Mary Marto, et. al.             Date: August 17, 2004

Objection to Motion for Summary Judgment

The plaintiff, James Hanton hereby objects to the defendants' motion for summary judgment for the following:

(1) The time for filing summary judgment has expired.

The plaintiff originally filed this motion on June 25, 2004.

On August 26, 2002, the court set a scheduling order. The parties were ordered to file motion for summary judgment within seven months (210 days) of the date on which the appearance was filed, which was August 22, 2002. Attached is a copy of the order marked Exhibit "A."

On August 23, 2002, the defendants filed a motion to dismiss. On March 4, 2003, the court denied the motion without prejudice and instructed the defendants to file motion for summary judgment. Attached is a copy of the motion and order marked Exhibit "B." The

defendants NEVER Filed For Summary judgment NOR Requested AN Extension of Time.

On August 29, 2002, the defendants Filed a motion to dismiss Amended Complaint. On March 4, 2003, the Court denied that motion without prejudice and again instructed the defendants to File For Summary judgment. Attached is a copy of the motion and order marked Exhibit "C". Again, the defendants NEVER Filed For Summary judgment nor did they Request an Extension of Time.

On March 23, 2003, the Time to File For Summary judgment expired. The defendants waited FIFTEEN (15) months AFTER the Time to File Summary judgment to Request an Extension to File For Summary judgment. Therefore, the defendants are not entitled to File For Summary judgment.

It is to be noted that on June 17, 2004, the defendants moved For an Extension of Time. The Court has not Ruled on this motion, therefore, making the motion For Summary judgment premature.

It is also to be noted that in the defendants Notice to pro se litigant, they make reference as to how this case will be tried. Please be advised that in the plaintiff's

original complaint dated June 4, 2002 and supplemental complaint dated July 22, 2002, jury trials were requested. The defendants never opposed these and they have no legal ground to request a court trial.

In Conclusion:

The plaintiff will be prejudiced if the court allows the defendants to file for summary judgment fifteen (15) months after the filing date, which was set in the scheduling order.

Respectfully Submitted
By James Hanton

JAMES HANTON 166-128
Cybulski C.I. 391 Shaker Rd., P.O.
Box 2400 Enfield, CT. 06082

Certification

I hereby certify that a copy of the foregoing was sent on this 17th day of August 2004 to:

Assistant Attorney General
Perry Zinn-Rowthorn
Kathleen A. Keating
110 Sherman St., Hartford
CT. 06105

James Hanton
The plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PRISONER

James Hanton : DOCKET NO. 3:02cv997(CFD)(WIG)

V. :

M. Marto, et al :

FILED

### FIRST SCHEDULING ORDER

The plaintiff has filed this Section 1983 complaint against the defendant(s). The first appearance in this action was filed on __8/22/02__.

Preparation for trial should proceed at this time on claims in the complaint which have not been dismissed or withdrawn. **All discovery and further proceedings in this case are limited to this claim/these claims**.

Pursuant to Rule 16(c) of the Federal Rules of Civil Procedure, it is hereby ORDERED:

1. Defendant shall file any motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), or motions to dismiss as frivolous under Title 28 U.S.C. Section 1915(e), or answer or other reply within 60 days of the date on which the appearance was filed. **Failure to respond to the complaint in a timely manner will result in the entry of default for failure to plead.**

2. If either party determines that an early settlement conference would be beneficial in this case, he shall file a motion seeking a settlement conference within 90 days of the date on which the appearance was filed.

3. Discovery pursuant to the Federal Rules of Civil Procedure, Rules 26 through 37, shall be completed within six months (180 days) of the date on which the appearance was filed. Discovery requests need not be filed with the court.

4. All motions for summary judgment shall be filed within seven months (210 days) of the date on which the appearance was filed.

5. Pursuant to Local Civil Rule 9(a), a non-moving party must respond to a dispositive motion within 21 days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection. If the motion is granted, the complaint will be dismissed as to all defendants, appearing and non-appearing and the case will be closed. The case will **not** proceed to trial.

SO ORDERED this 26th day of August, 2002, at Bridgeport.

_____
U.S. Magistrate Judge

Exhibit "A"

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMES HANTON, *Plaintiff* | : : : | PRISONER<br>CIVIL NO. 3:02CV997(CFD)(WIG) |
| v. | : : | |
| MARY MARTO, ET AL., *Defendants* | : : | August 23, 2002 |

### MOTION TO DISMISS

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, the defendants, Mary Marto, et al., hereby move to dismiss the complaint in its entirety. Plaintiff, a pro se inmate and serial litigant, brings this action based on the alleged failure of various state officials to provide dental care. As discussed in more detail in the accompanying memorandum of law, plaintiff raised this claim in Hanton v. Deong, 3:98CV1648(JCH)(HBF), one of his many previous medical lawsuits. In that matter, the Court found that plaintiff failed to state a claim based on his dental complaints. See Hanton v. Deong, 3:98cv1648(JCH)(HBF), Corrected Ruling On Motion For Summary Judgment, April 8, 2002 (copy attached as Exhibit A), at 26-27. Accordingly, plaintiff's complaint is barred by the doctrines of collateral estoppel and res judicata. In addition, as found by this Court in the Deong matter, plaintiff's dental complaint (still) fails to state a claim. The defendants, therefore, respectfully ask that their motion be granted.

DENIED, without prejudice to filing a motion for summary judgment. So ordered.

Christopher F. Droney
United States District Judge
3/4/03

Exhibit "B"

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMES HANTON, *Plaintiff* | : | PRISONER<br>CIVIL NO. 3:02CV997(CFD)(WIG) |
| v. | : | |
| MARY MARTO, ET AL., *Defendants* | : | August 29, 2002 |

## MOTION TO DISMISS AMENDED COMPLAINT

The defendants, Mary Marto, et al., hereby move pursuant to Rule 12 of the Federal Rules of Civil Procedure to dismiss the Amended Complaint filed on or about August 27, 2002. Plaintiff, a pro se inmate and serial litigant, originally brought this action based on the alleged failure of various state officials to provide dental care. In the amended complaint, the plaintiff adds an entirely unrelated claim concerning an alleged deprivation of legal property by correctional officials. As discussed in more detail in the accompanying memorandum, plaintiff raised his dental claims in <u>Hanton v. Deong</u>, 3:98CV1648(JCH)(HBF), one of his many previous medical lawsuits. In that matter, the Court found that plaintiff failed to state a claim based on his dental complaints. <u>See</u> <u>Hanton v. Deong</u>, 3:98cv1648(JCH)(HBF), Corrected Ruling On Motion For Summary Judgment, April 8, 2002. Accordingly, plaintiff's dental claim is barred by the doctrines of collateral estoppel and res judicata. In addition, as found by this Court in the <u>Deong</u> matter, plaintiff's dental complaint (still) fails to state a claim. As to the property claim, plaintiff filed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA). <u>See</u> 42 U.S.C. 1997e(a).

DENIED, without prejudice to filing a motion for summary judgment. So ordered.

Christopher F. Droney
United States District Judge
3/4/03

Exhibit "C"

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES HANTON<br>*Plaintiff* | : PRISONER<br>: 3:02CV997(CFD)(WIG)<br>: |
| VS. | : |
| MARY MARTO, ET AL.<br>*Defendants* | :<br>: JUNE 17, 2004 |

### MOTION FOR EXTENSION OF TIME

The defendants in the above-entitled matter hereby, by and through the undersigned counsel and pursuant to Local Rule 9(d) and Federal Rule of Civil Procedure 12, respectfully move for a 60 day extension of time within which to file a Motion for Summary Judgment up to and including August 18, 2004. In support of this motion, the defendants represent the following:

1. The schedule of undersigned counsel has been extremely hectic as she is new to this office, as she is defending the State in numerous other matters demanding her attention, and as she is scheduled to begin the trials of three different matters, in July and August of 2004, before Connecticut Superior Court Justices Stanley J. Fuger, Jr. and Gary J. White.

2. On June 8, 2004, the undersigned counsel for the defendants was assigned responsibility for this case.

3. On June 9, 2004, the undersigned counsel for the defendant filed an appearance.

Exhibit "D"

4. On August 26, 2002, the Court filed a scheduling order directing that dispositive motions be filed by March 26, 2003.

5. On August 28, 2002, the previous counsel for the defendants, Peregrine Alban Zinn-Rowthorne, filed a motion to dismiss the complaint, and on September 25, 2002, the plaintiff filed a motion to dismiss the defendants' motion to dismiss.

6. On August 30, 2002, the previous counsel for the defendants, Peregrine Alban Zinn-Rowthorn, filed a motion to dismiss the amended complaint, and on November 8, 2002, the plaintiff filed a memorandum in opposition to the defendants' motion to dismiss the amended complaint.

7. On March 5, 2003, the Honorable Christopher F. Droney filed an endorsement denying both the defendants' motion to dismiss the complaint and the defendants' motion to dismiss the amended complaint.

8. On March 19, 2003, the previous counsel for the defendants, Peregrine Alban Zinn-Rowthorn, filed a motion for judgment on the pleadings, and on April 2, 2003, the plaintiff filed an objection to that motion.

9. On May 21, 2004, the Honorable Christopher F. Droney filed an endorsement order denying the defendant's motion for judgment on the pleadings without prejudice to file a motion for summary judgment.

10. This complaint contains complex factual and legal allegations.

11. Additional time is necessary in order for the defendants to review the complaint and pertinent documents in order to prepare an appropriate responsive pleading.

12. This is the first motion for an extension of time in this matter as to a responsive pleading.

13. The undersigned counsel has not contacted counsel for the plaintiff to determine the plaintiff's position with regard to this motion, since the plaintiff is pro se and is an inmate currently confined to Willard-Cybulski Correctional Institution.

                                         DEFENDANTS,
                                         Mary Marto, et al.

                                         RICHARD BLUMENTHAL
                                         ATTORNEY GENERAL

                                         BY: _____
                                         Kathleen A. Keating
                                         Assistant Attorney General
                                         Federal Bar No. ct25247
                                         110 Sherman Street
                                         Hartford, CT 06105
                                         Telephone: (860) 808-5450
                                         E-mail: kathleen.keating@po.state.ct.us